# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CRISTA MICHELLE BASSEAU,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GEICO GENERAL INSURANCE COMPANY, et al.,<br><br>　　　　Defendants. | <br><br><br><br><br><br>Case No. 3:15-cv-00057-RRB |

## ORDER OF DISMISSAL WITHOUT PREJUDICE
## TO FILING AN AMENDED COMPLAINT

Crista Michelle Basseau, representing herself, has filed a Civil Rights Complaint under 42 U.S.C. § 1983, and an Application to Waive the Filing Fee under 28 U.S.C. § 1915.[1] Under § 1915, the Court is required to review the Complaint, and to dismiss if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[2]

---

[1] Dockets 1, 3.

[2] 28 U.S.C. § 1915(e)(2)(B); see also *Lopez v. Smith*, 203 F.3d 1122, 1129 n. 10 (9th Cir. 2000) ("Congress inserted 1915(e)(2) into the in forma pauperis statute, and we must follow this clear statutory direction."); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("The district court . . . properly concluded that Calhoun's [non-prisoner] complaint should not be allowed to proceed."); *Bilal v. Driver*, 251 F.3d 1346, 1348 (11th Cir. 2001) (Under section § 1915(e)(2)(B)(ii), "dismissal is now mandatory. . . [T]he complaint now may . . . be dismissed under section 1915 for failure to state a claim.").

The Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of the doubt.[3] Before the Court may dismiss Ms. Basseau's Complaint, the Court should provide her with a statement of the deficiencies in the Complaint and an opportunity to amend, unless it is clear that amendment would be futile.[4]

1. <u>The plaintiff is responsible for establishing this Court's jurisdiction over the case</u>.

Jurisdiction is "[a] court's power to decide a case or issue a decree[.]"[5] As explained by the United States Supreme Court, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."[6] It is Ms. Basseau's burden, as the plaintiff, to show that the Court has jurisdiction to hear her claims.[7]

---

[3] *See Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)], 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted).

[4] *Silva v. Di Vittorio*, 658 F.3d 1090, 1105-06 (9th Cir. 2011) ("[Any] attempt to re-plead this claim would be futile. . . . The district court properly concluded that the deficiencies in Silva's complaint could not be cured by an amendment. We therefore affirm the district court's decision to dismiss [the] claim with prejudice and without leave to amend.").

[5] *Black's Law Dictionary* (10th ed, 2014).

[6] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted).

[7] *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) ("We 'presume[ ] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'") (quoting *Kokkonen*, 511 U.S. at 377).

3:15-cv-00057-RRB, *Basseau v. Geico General Insur. Co.*
Order of Dismissal and Permitting Amended Complaint
Page 2 of 9

Case 3:15-cv-00057-RRB   Document 4   Filed 04/21/15   Page 2 of 9

2. <u>Liability under § 1983 requires the violation of a Constitutional right by a "state actor".</u>

"Section 1983 . . . creates a private right of action to vindicate violations of 'rights . . . secured by the Constitution and laws' of the United States. Under the terms of the statute," the plaintiff must show that (1) a defendant "act[ed] under color of state law"; to (2) "deprive [the plaintiff] of a constitutional right."[8]

Ms. Basseau has named an insurance company and the person who allegedly injured her in an automobile accident as the Defendants in this case, asserting that the Defendants have violated her Due Process rights.[9] Neither of these parties, however, is a state actor.[10] It is clear from Ms. Basseau's allegations that she is attempting to bring a personal injury action to recover the medical

---

[8] *Rehberg v. Paulk*, ___ U.S. ___, 132 S.Ct. 1497, 1501 (2012) (citations and internal quotations omitted).

[9] Docket 1 at 1-4.

[10] Ms. Basseau's allegations contain no facts indicating that any state entity or official was involved in Geico's decision to deny full payment for the medical expenses she incurred. Thus, there can be no "joint action" in this case. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) ("The joint action test asks 'whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights.' . . . This requirement can be satisfied either 'by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents.'") (citation and further internal quotations omitted).

3:15-cv-00057-RRB, *Basseau v. Geico General Insur. Co.*
Order of Dismissal and Permitting Amended Complaint
Page 3 of 9

Case 3:15-cv-00057-RRB   Document 4   Filed 04/21/15   Page 3 of 9

expenses she incurred when she was hurt in an accident.[11]  But jurisdiction over personal injury cases resides in the state courts.[12]

3. <u>To establish diversity jurisdiction, the "amount in controversy" must be more than $75,000</u>.

Ms. Basseau has not alleged that she and the Defendants are residents of different states *and* that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332.[13]  Instead, Ms. Basseau requests damages in the amount of $8,276.[14]  The "other" request, that she receive "economic and non-economic damages, in an amount to be determined at trial, together with interest, costs, attorney's fees, and such other relief as the Court may deem just and proper,"[15] does not state that her claim exceeds the $75,000 threshold.

Although Ms. Basseau *could* request "other" damages in an amount over $75,000, the United States Supreme Court has explained that "the States have no substantial interest in securing for plaintiffs . . . gratuitous awards of money

---

[11] *Id.* at 3-4, 6-7.

[12] *See, e.g., Grant v. Stoyer*, 10 P.3d 594, 599 (Alaska 2000) ("Because it is beyond dispute that Stoyer negligently caused substantial physical injury to Grant, and because uncontradicted evidence shows that Grant experienced at least some pain and suffering, an award of some damages is required.").

[13] Docket 1 at 2, 6-7.

[14] 28 U.S.C. § 1332.

[15] Docket 1 at 7.

3:15-cv-00057-RRB, *Basseau v. Geico General Insur. Co.*
Order of Dismissal and Permitting Amended Complaint
Page 4 of 9

Case 3:15-cv-00057-RRB   Document 4   Filed 04/21/15   Page 4 of 9

damages far in excess of any actual injury."[16] Further, "[t]he Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor. . . . The reason is that '[e]lementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty that a State may impose.'"[17]

The Alaska Supreme Court explains that cases decided by the United States Supreme Court

> hold that a "grossly excessive" punitive damages award violates the Due Process Clause. *Gore* provides three "guideposts" for determining when an award is unconstitutional: (1) the "degree of reprehensibility" of the tortious conduct; (2) "the disparity between the harm or potential harm suffered by [the plaintiff] and [the] punitive damages award"; and (3) "the difference between [the punitive damages award] and the civil penalties authorized or imposed in comparable cases."
>
> . . . While the Supreme Court is reluctant to actually draw a line, it has said that a ratio of four to one is "close to the line" of constitutionality.[18]

Given her compensatory damages of $8,276, Ms. Basseau cannot meet the $75,000 threshold without going far beyond the four to one ratio.

---

[16] *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974)

[17] *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 416-17 (2003) (citations omitted).

[18] *State v. Carpenter*, 171 P.3d 41, 66 (Alaska 2007) (citing and quoting *Campbell*, 538 U.S. at 416-18, *BMW of North America v. Gore*, 517 U.S. 559, 574-75 (1996), and *Pac. Mut. Life Ins. Co. v. Haslip*, 449 U.S. 1, 23-24 (1991)).

3:15-cv-00057-RRB, *Basseau v. Geico General Insur. Co.*
Order of Dismissal and Permitting Amended Complaint
Page 5 of 9

Case 3:15-cv-00057-RRB   Document 4   Filed 04/21/15   Page 5 of 9

Ms. Basseau should also be aware that, under Alaska law, if she receives "an award of punitive damages, the court shall require that 50 percent of the award be deposited into the general fund of the state."[19]

Because it is unlikely that Ms. Basseau will prevail on a claim for damages in excess of $75,000,[20] she is warned that, if the Defendants prevail in this action, she may be ordered to pay costs and attorney's fees to the Defendants.[21]

4. <u>Ms. Basseau may amend her Complaint, or dismiss her federal case and file a personal injury case in state court</u>.

Ms. Basseau's Complaint will be dismissed without prejudice, and she will be permitted to file (1) an Amended Complaint, or (2) a Notice of Voluntary Dismissal,[22] without prejudice to filing a personal injury action in an appropriate state court.

---

[19] A.S. § 09.17.020(j).

[20] *But see Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.") (quoting *St. Paul Mercury v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[21] *See* Fed.R.Civ.P. 54(d).

[22] If Ms. Basseau files a Notice of Voluntary Dismissal at this time, the Defendants will recover no costs or attorney's fees from her in this case.

3:15-cv-00057-RRB, *Basseau v. Geico General Insur. Co.*
Order of Dismissal and Permitting Amended Complaint
Page 6 of 9

Case 3:15-cv-00057-RRB   Document 4   Filed 04/21/15   Page 6 of 9

Tolling means that the statute of limitations stops running for a period of time.[23] Alaska's two-year personal injury statute of limitations[24] may be tolled while Ms. Basseau's case has been pending in this Court.[25]

If Ms. Basseau files an Amended Complaint, she should again allege facts against *only one defendant for each claim for relief* in the space provided. She should state the facts in her own words, as if she were *briefly and concisely* telling someone what happened. The facts provided in support of each separate claim must *specifically* include the name of the *particular defendant*, *what* happened, *how* the particular defendant was involved, *when* the events occurred, *where* those events occurred, *how* she was *hurt*, and what the *injuries* were. In other words, Ms. Basseau must avoid stating conclusions.[26]

---

[23] *Black's Law Dictionary*.

[24] AS § 09.10.070 ("a person may not bring an action . . . (2) for personal injury or death . . . unless the action is commenced within two years of the accrual of the cause of action.").

[25] *Fred Meyer of Alaska, Inc. v. Bailey,* 100 P.3d 881, 886 (Alaska 2004) ("The doctrine of equitable tolling 'relieve[s] a plaintiff from the bar of the statute of limitations when he has more than one legal remedy available to him' so that after the plaintiff 'adopts a single course of action which is dismissed or otherwise fails, courts generally allow the plaintiff to pursue a second remedy based on the same right or claim.' The statute of limitations is thus tolled during the pendency of the initial defective action, giving the plaintiff the full statutory period to file once tolling ceases. In such circumstances, the statute is equitably tolled if '(1) pursuit of the initial remedy gives defendant notice of plaintiff's claim, (2) defendant's ability to gather evidence is not prejudiced by the delay, and (3) plaintiff acted reasonably and in good faith.'") (citations omitted).

[26] *See Iqbal*, 556 U.S. at 678-79.

3:15-cv-00057-RRB, *Basseau v. Geico General Insur. Co.*
Order of Dismissal and Permitting Amended Complaint
Page 7 of 9

Case 3:15-cv-00057-RRB   Document 4   Filed 04/21/15   Page 7 of 9

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."[27] Later, if her claims proceed before the Court on the merits, Ms. Basseau may be given an opportunity to file a brief on the issues in which she may more thoroughly argue the case with supporting documentation.[28]

An Amended Complaint must be complete in itself without reference to any prior pleading.[29] Thus, in an Amended Complaint, Ms. Basseau should make no reference to the initial Complaint or other extraneous documents. And any defendant not named or claim not re-alleged is generally considered waived.[30]

---

[27] Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain:
**(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
**(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
**(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.") (emphasis in original); *see also Black's Law Dictionary* (A complaint is the "initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief.").

[28] A brief is a "written statement setting out the legal contentions of a party in litigation . . . consisting of legal and factual arguments and the authorities in support of them." *Black's Law Dictionary*; *see also, e.g.*, Fed. R. Civ. P. 56 (motion for summary judgment), and Fed. R. Civ. P. 12(b) (motion to dismiss).

[29] *See* D.Ak.LR 15.1(3).

[30] *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") (citation omitted).

3:15-cv-00057-RRB, *Basseau v. Geico General Insur. Co.*
Order of Dismissal and Permitting Amended Complaint
Page 8 of 9

Case 3:15-cv-00057-RRB   Document 4   Filed 04/21/15   Page 8 of 9

**IT IS THEREFORE ORDERED**:

1. The Complaint is DISMISSED for failure to state a claim for relief, as required by 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to amend.

2. On or before **May 22, 2015**, Ms. Basseau may file an Amended Complaint stating a federal claim for relief, showing that this Court has jurisdiction over her action.

3. In the alternative, on or before **May 22, 2015**, Ms. Basseau may file a Notice of Voluntary Dismissal, without prejudice to filing a personal injury case in an appropriate state court.

4. The Clerk of Court is directed to send Ms. Basseau a form PS22, Pro Se Complaint, and a form PS09, Notice of Voluntary Dismissal, with this Order.

5. The Court will not address the Application to Waive the Filing Fee, and will take no further action in this case, until Ms. Basseau fully complies with this Order. If Ms. Basseau fails to comply with this Order, this action may be dismissed without further notice.

6. The Clerk of Court is directed to send the District Court's handbook, "Representing Yourself in Alaska's Federal Court," to Ms. Basseau with this Order.

DATED at Anchorage, Alaska, this 20th day of April, 2015.

*/s/ RALPH R. BEISTLINE*
United States District Judge

3:15-cv-00057-RRB, *Basseau v. Geico General Insur. Co.*
Order of Dismissal and Permitting Amended Complaint
Page 9 of 9

Case 3:15-cv-00057-RRB   Document 4   Filed 04/21/15   Page 9 of 9